UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DESTRY WHITE                                                                                     PLAINTIFF

v.                                                           CIVIL ACTION NO. 3:16-CV-00647-CRS

RENTDEBT AUTOMATED                                        DEFENDANT
COLLECTIONS, LLC

## MEMORANDUM OPINION

This matter is before the Court on cross-motions of the parties for summary judgment. For the following reasons, Defendant's motion for summary judgment will be **GRANTED** and Plaintiff's motion for summary judgment will be **DENIED.**

### I. BACKGROUND

This action arose under Plaintiff's Complaint alleging Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and the Kentucky Consumer Protection Act ("KCPA").

Defendant Rentdebt Automated Collections, LLC ("RDAC") provides third party debt-collection services on behalf of various creditors. (Schultz Aff., DN 11-3, ¶ 2.) On January 13, 2014, Bridgewood Townhomes ("Bridgewood"), the original creditor, placed a debt with RDAC for collections. (*Id.*, ¶ 4.) The debt arose from termination fees and related expenses when Plaintiff Destry White ("White") allegedly broke his lease agreement with Bridgewood in 2013. (*Id.*, Ex. A-1.)

On May 18, 2016, White sent a letter to RDAC demanding it send documentation providing "evidence of [RDAC'S] intrusion into [White's] credit report and file" within five days, as well as a demand that RDAC "contact the three major credit reporting agencies and remove the inquiry immediately." (Compl., DN 1, Ex. A.)

RDAC responded to this demand on May 23, 2016. (Schultz Aff., DN 11-3, ¶ 6.) RDAC assured White that Bridgewood and any consumer reporting agencies to which they had reported the debt would be informed that the account was disputed. (*Id.*, Ex. A-1.) RDAC's response also included attachments of (1) the Bridgewood lease with White's signature and his initials on each page; (2) White's Bridgewood Application for Residency; (3) a transaction form listing all charges owed and paid to Bridgewood; and (4) a Placement Form listing each charge and the total debt owed to Bridgewood. (*Id.*)

RDAC did not hear from White again until July 25, 2016. (Compl., DN 1, Ex. B-2.) On this date, White sent another letter, entitled, "Re: 2nd NOTICE DEMAND OBTAIN VERIFICATION AND VALIDATION [sic]," alleging that RDAC had violated the FDCPA, FCRA, and KCPA, but White did not specify any factual allegations clarifying these violations. (*Id.*) Rather, White simply demanded RDAC remit a $4,000 settlement within five days or else risk a lawsuit. (*Id.*) RDAC responded on August 5, 2016, stating that the current dispute was substantially similar to the May 18 dispute. (Schultz Aff., DN 11-3, Ex. A-2.) Consequently, RDAC informed White that an investigation into the dispute had already been completed in response to White's first letter, and therefore no new investigation was required absent new or changed allegations. (*Id.*)

On August 26, 2016, White sent RDAC a letter entitled, "Re: Notice Ceasing Communication" wherein White notified RDAC he wished to cease further communication

with RDAC pursuant to 15 U.S.C. § 1692c(b). (Compl., DN 1, Ex. C-2.) Accordingly, RDAC maintains that it did not respond to this letter and did not contact White until the commencement of the present lawsuit. (Schultz Aff., DN 11-3, ¶ 10.)

White filed his complaint on October 12, 2016, alleging violations of the FDCPA, FCRA, and KCPA. (Compl., DN 1.) RDAC timely answered and commenced discovery on February 3, 2017. (Answer, DN 7; Def.'s First Set Disc., DN 11-6, Ex. B.) RDAC's first set of discovery requests that it served on White included interrogatories, requests for the production of documents, and requests for admissions. (Def.'s First Set Disc., DN 11-6, Ex. B.) White neither responded to the discovery requests nor engaged in any discovery efforts of his own. Finally, Defendant RDAC filed a Motion for Summary Judgment on April 20, 2017 seeking dismissal of all of Plaintiff's claims. Plaintiff White subsequently filed a cross-motion for summary judgment.[1] Both RDAC and White filed affidavits with their respective motions.

## II. STANDARD

Summary judgment is proper on a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party opposing the motion may establish a genuine issue of fact by introduction of "any of the kinds of evidentiary materials listed in Rule 56(c)." *Id.* at 324. Such evidence

---

[1] For purposes of clarity, Plaintiff's "Brief in Support for Summary Judgment" (DN 15) and "Motion for Summary Judgement [sic]" (DN 16) will be construed together and referred to jointly as "Plaintiff's Motion for Summary Judgment." Defendant's Opposition to Plaintiff's Motion for Summary Judgment (DN 17) will be construed as responsive to both DN 15 and DN 16.

may include depositions, answers to interrogatories, affidavits, and admissions on file. *Id*. at 323. Further, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but. . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288 (1968)). All evidence must be construed in the light most favorable to the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. DISCUSSION

The court finds that RDAC's Motion for Summary Judgment is properly supported, establishes that there is no genuine issue of material fact, and demonstrates that RDAC is entitled to a judgment as a matter of law. Conversely, the court finds that White's Motion for Summary Judgment is not properly supported by evidence and fails to establish that White is entitled to judgment as a matter of law. We will therefore dismiss with prejudice all claims against Defendant.

### a. FDCPA Claims

White's Complaint alleges a myriad of violations under the Fair Debt Collection Practices Act: conduct by a debt collector to harass or abuse under 15 U.S.C. § 1692d; false or misleading representations in connection with the collection of a debt, including failing to communicate that a disputed debt is disputed, under 15 U.S.C. § 1692e; the use of unfair or unconscionable means to collect any debt under 15 U.S.C. § 1692f; and failure to validate debts under 15 U.S.C. § 1692g. Though not specifically alleged in his Complaint, White's

Motion for Summary Judgment also references improper communication in connection with debt collection under 15 U.S.C. § 1692c. (Pl.'s Mot. Summ. J., DN 15.)

As an initial matter, Plaintiff's claims under 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692c can be quickly dispensed with. White has not provided a single piece of evidence showing any attempts by RDAC to abuse or harass, any actions by RDAC to collect a debt using false or misleading representations, any conduct by RDAC to collect a debt in a way that is unfair or unconscionable, or any improper communications by RDAC to White in connection with a debt. The only references to these alleged violations outside of the pleadings merely reflect White's displeasure at RDAC and counsel for engaging in motion practice. Therefore, we turn to White's remaining claim, that RDAC failed to validate debts under 15 U.S.C. § 1692g.

The FDCPA provides, in relevant part:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C.A. § 1692g(b).

White initially alleged that RDAC violated the FDCPA by failing to obtain verification of the debt as well as failing to mail copies of such verification documents to White. However, after RDAC produced as an exhibit their May 23, 2016 response letter to White, which contained copies of documents verifying the debt as attachments (Schultz Aff., DN 11, Ex. A), White abandoned this line of attack in favor of the argument that the above-

- 5 -

referenced verifying documents were not *sufficient* for verification. This argument fails, as well. As Defendant's Motion points out, courts have recognized that "an itemized accounting detailing the transactions in an account that have led to the debt" are sufficient to satisfy the verification requirements of 15 U.S.C.A. § 1692g(b). *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 748 F.3d 777, 784 (6th Cir. 2014). Since RDAC sent copies of not only an itemized accounting of White's debt, but White's signed lease with the original creditor, his application for residency with the original creditor, and the debt collection placement form sent to RDAC, we find that RDAC more than adequately verified the debt. Any other facts that White attempted to dispute (such as that RDAC lacks personal knowledge of the transaction between White and the original creditor) are not material and are therefore unnecessary to our finding.

### b. *FCRA Claims*

Count II of White's Complaint alleges Fair Credit Reporting Act violations under 15 U.S.C. § 1681s-2, which sets out the responsibilities of furnishers of information to consumer reporting agencies ("CRA's"). It is not disputed that RDAC is a furnisher in this case. Further, 15 U.S.C. § 1681s-2(b) allows consumers to bring private causes of action against furnishers. *Stafford v. Cross Country Bank*, 262 F. Supp.2d 776, 783 (W.D. Ky. 2003) ("the Court concludes § 1681s–2(b) does allow a consumer to bring a private cause of action against a furnisher of credit information for either negligent, § 1681o, or willful, § 1681n, violations of the FCRA. Virtually all courts considering this issue are in agreement."). However, this private cause of action is only available "after a furnisher has received proper notice of a dispute from a CRA." *Boggio v. USAA Federal Sav. Bank*, 696 F.3d 611, 616 (6th Cir. 2012). Therefore, "[t]his means that a furnisher of credit

information… has no responsibility to investigate a credit dispute until after it receives notice from a consumer reporting agency. Under the statutory language, notification from a consumer is not enough." *Stafford*, 262 F. Supp.2d at 784.

There is no genuine issue of material fact as to whether RDAC received proper notice of a dispute from a consumer reporting agency. White has not alleged that he first contacted a CRA, and he even admitted in Response to Defendant's Motion for Summary Judgment that, "[t]he plaintiff sent notice for verification directly to RDAC… in an attempt to settle this controversy privately." (Pl.'s Resp. to Def.'s Mot. Summ. J., DN 12, p. 2.) Because it is undisputed that White did not contact any CRA's, but rather directly contacted RDAC, Plaintiff's claims under the FCRA must be dismissed as a matter of law.

### c. KCPA Claims

Lastly, White's Complaint alleges violations under the Kentucky Consumer Protection Act, Ky. Rev. Stat. § 367 *et seq*. The KCPA's purpose is to "protect the public interest and the well-being of both the consumer public and the ethical sellers of goods and services." KRS § 367.120. Recovery for a violation of the KCPA is actionable under KRS § 367.220, which provides protections for "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes." KRS § 367.220. Notably, Kentucky courts interpret this statute to limit a consumer's actions to those against a party with whom the consumer is in privity of contract. *See Naiser v. Unilever United States, Inc.*, 975 F. Supp.2d 727, 743 (W.D. Ky. 2013) ("Kentucky Courts have held that this language plainly contemplates an action by a purchaser against his immediate seller.") (citing *Skilcraft Sheetmetal, Inc. v. Ky. Mach., Inc.*, 836 S.W.2d 907, 909 (Ky. App. 1992)).

As a third-party debt collector, RDAC is not in privity of contract with White. This fact is undisputed. White's first letter to RDAC on May 18, 2016 states "I have not applied for, neither received any services or credit with your particular entity." (Compl., DN 1, Ex. A.) Accordingly, because privity of contract between parties is required for a claim under the KCPA, and because there is no dispute as to the relationship between RDAC and White, Plaintiff's claims under the KCPA will be dismissed.

IV.     **CONCLUSION**

For the reasons stated herein, the Court will grant summary judgment to Defendant. The Court will deny summary judgment to Plaintiff. Plaintiff's Complaint will be dismissed with prejudice.

The Court will enter an order in accordance with this opinion.

September 12, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**